# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MATTHEW HOUSTON,

    Petitioner

v.

JERRY HOWELL, et al.,

    Defendant

Case No.: 2:19-cv-01740-APG-BNW

**Order Dismissing Action**

    Petitioner Matthew Houston filed an application to proceed in district court without prepaying fees or costs. ECF No. 6. I grant the application because he is not able to pay the filing fee.

    Houston also filed an amended petition. ECF No. 11. I reviewed it under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The amended petition is without merit so I deny it.

    The first two grounds are a request for tolling. Houston alleges that he is on parole in Iowa. He also alleges that a hearing in the Eighth Judicial District Court of the State of Nevada was scheduled to occur on November 26, 2019. Houston dated his petition November 14, 2019, but the court did not receive it until December 2, 2019. These grounds are without merit for at least three reasons. First, the hearing in the state court had occurred before this court received the petition, so I can do nothing. Second, to the extent Houston is asking this court to intervene in the state court criminal proceedings, this court is obligated to abstain. *See Younger v. Harris*, 401 U.S. 37, 45-46 (1971). Third, to the extent Houston is asking for tolling of the federal one-

year period of limitation under 28 U.S.C. § 2244(d)(1), he filed the amended petition within one year of the finality of the judgment of conviction,[1] and thus tolling is not needed.

In ground 3, Houston claims that he recently discovered that on December 28, 2019, he was charged with having an open container of alcohol in a motor vehicle, not driving under the influence. December 28, 2019 has not yet occurred. I assume Houston meant an earlier date. I take judicial notice of the docket of the Las Vegas Justice Court in *State v. Houston*, Case No. 17F00474X,[2] and the docket of the Eighth Judicial District Court of the State of Nevada in *State v. Houston*, Case No. C-17-323614-1.[3] Houston might have originally been charged with an open-container violation—the state-court dockets do not show it—but in the justice court the charges eventually were felony driving under the influence, misdemeanor speeding, and misdemeanor operation of a vehicle with expired plates. The addition of more severe charges after the initial charging does not violate the Constitution.

Furthermore, ultimately Houston pleaded guilty to felony driving under the influence in the state district court. That guilty plea is a break in the proceedings. Even if the addition of charges beyond the open-container violation somehow were to violate the Constitution, Houston may not use habeas corpus to raise claims of constitutional violations that occurred before entry of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Because the claimed violation occurred before entry of the guilty plea, Houston now may not present that claim in habeas corpus. Ground 3 is without merit.

---

[1] Houston alleges that the judgment of conviction was entered on January 10, 2019. The court received the amended petition less than a year later, on December 2, 2019.

[2] https://lvjcpa.clarkcountynv.gov/Anonymous/CaseDetail.aspx?CaseID=12069298 (report generated December 11, 2019).

[3] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=11776714 (report generated December 11, 2019).

Reasonable jurists would not find my decisions here to be debatable or wrong. I will not issue a certificate of appealability.

Houston also filed a motion for the recognition of cognizability within all complaints and a motion for conjunction and relief. ECF Nos. 7, 8. It appears he wants to consolidate all of his existing cases into one. These motions are moot because I am dismissing this action.

Finally, Houston filed a motion for appointment of counsel. ECF No. 10. The amended petition lacks merit, and thus I will not appoint counsel.

I THEREFORE ORDER that the application to proceed without prepaying fees or costs **(ECF No. 6) is GRANTED**. Houston need not pay the filing fee.

I FURTHER ORDER that the motions for recognition of cognizability within all complaints **(ECF No. 7)** and for conjunction and relief **(ECF No. 8) are DENIED** as moot.

I FURTHER ORDER that the motion for appointment of counsel **(ECF No. 10) is DENIED**.

I FURTHER ORDER that the amended petition for a writ of habeas corpus **(ECF No. 11) is DENIED**. The clerk of the court shall enter judgment accordingly and close this action.

I FURTHER ORDER that a certificate of appealability will not issue.

DATED this 12th day of December, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE