# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON, | Case No. 2:19-cv-01740-APG-BNW |
| Petitioner, | **ORDER** |
| v. | |
| JERRY HOWELL, et al., | |
| Respondents. | |

Petitioner Matthew Travis Houston moves to reopen this case and requests the production of documents. ECF Nos. 27, 28. Houston appears to argue that this matter should be reopened because he has a "related" case in the Eighth Judicial District Court—case number A-17-758861-C—that has been removed which should be consolidated with the instant case. ECF No. 27. Houston also seeks a copy of every document filed in this matter. *Id*.

First, regarding reopening, the exhibits Houston includes with his motion relate to different Eighth Judicial District Court cases (case numbers A-22-858580-C and A-22-856372-C) than the one referenced in his motion (case number A-17-758861-C). ECF No. 27 at 4, 15. These cases are apparently personal injury actions Houston has filed, and the nature of case number A-17-758861-C is unclear. As such, there is no basis to reopen this closed habeas matter that was denied on the merits on December 12, 2019. ECF No. 14.

Second, regarding the request for copies, Houston filed similar requests for copies on June 27, 2022, August 19, 2022, and September 19, 2022. ECF Nos. 19, 22, 24. I granted two of

those motions, providing courtesy copies of docket entries to Houston. ECF Nos. 20, 23. Moreover, generally, an inmate has no constitutional right to free photocopying or to obtain court documents without payment. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Federal courts do not allow prisoners or any other litigants to accrue copy fees; rather, payment for copy fees is required at the time a request is made. LR IC 1-1(i)(5) (paper copies of filed documents may be obtained from the clerk's office after payment of copying fees). Nothing in federal law, the Federal Rules of Civil Procedure, the Local Rules of Practice, or case law authorizes federal courts to waive or finance copy fees in closed habeas cases. LSR 1-6 (stating that *in forma pauperis* status does not waive a party's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915," which does not provide for copies). As such, I deny Houston's motion.

Further, this action has been, and remains, closed. I will direct the Clerk of Court to designate Houston as a restricted filer in this matter and to not accept any further filings in this closed action other than a notice of appeal from this order.

I THEREFORE ORDER that the Petitioner's motion to reopen case **[ECF No. 27]** and motion for production of documents **[ECF No. 28] are denied.**

I FURTHER ORDER the Clerk of Court to designate petitioner Matthew Travis Houston as a restricted filer in this matter and to return unfiled any further papers submitted by Houston in this matter other than a notice of appeal from this order.

////

////

////

////

2

I FURTHER ORDER that, to the extent required, a certificate of appealability is denied, as jurists of reason would not find my disposition of Petitioner's filings to be debatable or incorrect.

Dated: November 4, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE